**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

NASSER ZAKI, individually and on
Behalf of all others Similarly Situated,

Plaintiff,                                    Case No:_____
                                              **CLASS ACTION**
                                              and FLSA 216B
                                              COLLECTIVE ACTION

V.

COGENT COMMUNICATIONS
HOLDINGS INC., COGENT
COMMUNICATIONS OF SOUTH EAST
INC., and COGENT COMMUNICATIONS
INC.;

Defendants,

_____.

## CLASS ACTION AND COLLECTIVE ACTION HYBRID COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NASSER ZAKI individually, and on behalf of all others similarly situated, hereby file this CLASS AND COLLECTIVE Action Hybrid Complaint against Defendants: COGENT COMMUNICATIONS HOLDINGS INC., COGENT COMMUNICATIONS OF SOUTH EAST INC. and COGENT COMMUNICATIONS INC. (hereinafter collectively as Defendants or "Cogent") pursuant to 29 U.S.C. 216(b), of the Fair Labor Standards Act (the "FLSA") and applicable state laws and the common law, and state as follows:

1.      Plaintiff bring this action for violation of federal wage and hour laws by and on behalf of all similarly situated current and former employees of Defendants employed in the capacity as inside sales representatives (ISR) working under the titles of Account Manager, Regional Account Manager, National Account Manager, Global Account Manager, Sales

1

Executive, or any other title used to describe the position of an inside sales representative selling to businesses from any of Cogent's offices or working remotely and who were hired from or report to associated offices.

2.     Pursuant to a common policy and scheme, the Plaintiff and classes of similarly situated current and former employees have been given the above referenced job titles from commencement as newly hired inside sales reps.  All such titles were used to describe the nearly identical sales position, but each new title just brought the sales representative a higher commission and base pay.  All these job titles or variations of these job titles all describe persons working in a non-exempt, inside sales representative position, whose primary function was to sell Cogent's telecommunications and data services on a non-retail basis to businesses, professionals and commercial enterprises.   The Plaintiff and the classes of similarly situated inside sales representatives were not compensated for all overtime hours worked or paid a premium for all their overtime hours worked. Even when overtime was paid, Cogent willfully and intentionally underpaid for all such hours.

3.     The FLSA requires employers to maintain daily and weekly, contemporaneous time records of the work hours of non-exempt employees. *See* 29 CFR § 516.

4.     Cogent has improperly and willfully withheld and refused to pay Plaintiff, and all inside sales representatives overtime wages (a premium compensation) for all overtime hours worked over 40 in a work week at the correct lawful rates as required by the FLSA.

5.     Cogent knew or should have known that the inside sales representatives are clearly not outside sales representatives, and do not meet the § 7(i) exemption as well, clearly not selling retail or retail services and are selling to businesses.

6.      Cogent absolutely and unquestionably knew that their inside sales representatives were routinely working overtime hours, as managers and supervisors witnessed the extra hours and, upon information and belief saw and knew ISR were accessing CRM systems, emails and performing work beyond the shift times and during automatically deducted meal breaks.

7.      Cogent's managers encouraged and pressured sales representatives to work more hours to hit sales/production goals to meet quotas and sales metrics. Sales representatives were under daily, constant scrutiny and micromanagement, and threatened with termination if they fell short of sales/production goals.

8.      Cogent scheduled Plaintiff and all other ISR to a standardized 9 hour day, Monday to Friday, thus a 45 hour per week.

9.      Cogent automatically deducted 1 hour from each day's work hours regardless of whether the ISR took the full 1 hour meal break, no meal break, or any time less than 1 hour.

10.     Cogent never provided any means for ISR to clock the actual lunch times or any lunch periods less than a full hour.

11.     More importantly, Cogent maintained an actual or De Facto policy against reporting more than 40 hours and strongly discouraged/warned ISR not to report more than 40 hours.

12.     Management was aware that in order for ISR to meet their minimum sales metrics or exceed their sales goals to maximize bonus opportunities, ISR had to work off the clock and work through some or all of the lunch breaks.

13.     While Cogent told ISR not to work overtime, what they really meant was not to record overtime hours on the timesheet in order to avoid paying overtime.

14.     Cogent willfully failed and refused to pay Plaintiff and all similarly situated employees in accordance with the Fair Labor Standards Act (FLSA). Specifically, Plaintiff and similarly situated employees were not properly paid the requisite premium or overtime compensation for all hours worked in excess of forty (40) hours per week.  Plaintiff, and the class of similarly situated employees did not, do not, and never have performed work that meets the definition of any exemption under the FLSA. Cogent's pay practices and schemes to violate the FLSA are not only clearly unlawful, but unfair as well.

15.     In this pleading, the term "Inside Sales Representative" means any employee of Cogent working under the variations of the titles of: "Account Executive", "Account Manager" (including Regional, National or Global), or any other title or position used by Defendant sto describe workers who perform the same work as those sales representative engaged in selling Cogent Communications' internet services from its multiple offices, including all those persons working remotely (discovery may reveal additional job titles and employees that should be included). Inside Sales representatives in this class make outbound phone (cold calls) calls, research the internet for leads, and either make internet presentations or demonstrations for the purpose of consummating sales of Cogent's telecommunications services.

16.     In this pleading, "Defendants" or "Cogent" means the named Defendants and any other subsidiary or affiliated and wholly owned corporation, organization or entity responsible for the employment practices complained of herein, (discovery may reveal additional defendants that should be included).

17.     The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.   Plaintiff reserve all rights to plead in the alternative.

## THE PARTIES

18.     Nasser Zaki resides in Virginia. He was hired by Defendants' Miami office as a Global Account Manager. Zaki trained in Miami before relocating to Virginia, where he worked remotely. Zaki continued to report to his manager in Miami and  his work was directed from the Miami office.

19.     Plaintiff Zaki continued to work remotely from his home from approximately May 2020 until August 2021.

20.     When initially hired, Zaki was lead to believe the position was a 40 hour per week job, but after getting the pressure to hit goals, metrics and quotas, it was clear that unless he was going to work off the clock, including working through some or all of the meal breaks, he would not meet all goals and his employment was subject to termination.

21.     At all times material hereto, Plaintiff was an employee of Cogent as defined in 29 U.S.C. § 203.

22.     Plaintiff's primary job duty was to solicit business over the telephone and through emails, electronic communications and website demonstrations. Plaintiff sold Cogent's telecommunications and internet services (voice, data, mobile and network plans) to business and commercial enterprises (B2B sales) by direct telephone and email solicitations. Most if not all of Plaintiff's activities were outbound calls and emails rather than businesses calling in for quotes.

23.     Zaki and all other inside sales reps were paid a base salary, and provided a monthly bonus or commission plan which would pay Plaintiff or any ISR a bonus if they met certain sales goals or quotas on a percent-to-goal plan.  But if Zaki or any ISR failed to meet the minimum goal, it would negate any commission earnings, and subject them to discipline or termination.

24.     The base salary and commission plan was a standardized pay structure or plan applicable to all sales representatives, except that each new level or new title carried a higher pay and/or commission structure.

25.     All inside sales representatives of Cogent were paid pursuant to the same common pay plan: a base salary quoted to the employees in an annual sum, and eligibility for monthly bonuses or commissions calculated on a sliding scale. The scale depends upon reaching the maximum target goal of 100%, and decreases as production falls below 100% of the goals.

26.     ISR were not automatically paid overtime when they worked over 40 hours in a work week, despite that Cogent and its managers knew ISR worked overtime as evidenced by the phone systems, computer systems and other programs such as SalesForce.

27.     Zaki routinely attended meetings with other inside sales reps. From his training, company materials and communications with superiors and management, Zaki came to understand that the company policies and procedures, (including the De Facto policy against recording overtime hours) was the same for all inside sales representatives across Cogent's U.S. offices.

28.     Plaintiff was required to review webinars and routine training materials for ongoing training. Cogent's training materials indicated that they were intended for use by all inside sales representatives regardless of the office location, to ensure that all inside sales representatives were performing the jobs in similar manners.

29.     Zaki and all other similarly situated employees are or have previously been covered as employees under FLSA.

**DEFENDANT COGENT COMMUNICATIONS INCLUDING SUBSIDIARIES**

30.     Cogent Communications Holdings Inc. is an international Delaware for profit Corporation and a publicly traded corporation ( Nasdaq: CCOI) with principal place located at 2450 N Street, NW, Washington, DC 20037.  Defendant may be served through its registered agent: Corp. Creations Network Inc., 11380 Prosperity Farms Road, #221E, Palm Beach Gardens, FL 33410.

31.     Defendant Cogent Communications of South East Inc., upon information and belief is a wholly owned subsidiary of Cogent Communications Holdings Inc., with the same principal office located at 2450 N ST NW 4th Floor, WASHINGTON, DC 20037, and with registered agent in Florida located at:   CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301-2525.

32.     Similarly, Defendant Cogent Communications Inc. is a Florida, for profit corporation with a principal place of business in Boca Raton, Florida and upon information and belief is a wholly owned subsidiary of Defendant Cogent Communications Holdings Inc. Defendant may be served through its registered agent, KEENAN, KAREN M at:  2871 N. OCEAN BOULEVARD - #D516, BOCA RATON, FL 33431.

33.     Defendants operate as a single integrated business enterprise (SBE), under the company and brand name Cogent Communications, and upon information and belief, Plaintiff and all ISR perform work for Defendants jointly and concurrently and without regard to differences by subsidiary, names, or the specific subsidiary any ISR was paid by.

34.     Defendants are all employers within the definition of the FLSA section 203 as all share offices, officers, employee rules and procedures, and jointly directed the work of the Plaintiff and all others similarly situated

35.   Defendants also jointly created and enforced the unlawful pay practices complained of herein.

36.   Cogent's 2020 Annual Report (10k), reports its business as:   "We are a facilities-based provider of low-cost, high-speed Internet access, private network services, and data center colocation space. Our network is specifically designed and optimized to transmit packet switched data. We deliver our services primarily to small and medium-sized businesses, communications service providers and other bandwidth-intensive organizations in 47 countries across North America, Europe, Asia, South America, Australia and Africa. We are a Delaware corporation, and we are headquartered in Washington, DC."

37.   Cogent employed the following number of sales representatives as of December 2020 as per the annual report:   "We employ a direct sales and marketing approach. As of December 31, 2020, our sales force included 712 full-time employees. Our quota bearing sales force includes 569 employees with 333 employees focused primarily on the corporate market and 236 employees focused primarily on the net centric market. Our sales personnel work through direct contact with potential customers in, or intending to locate in, our on-net buildings"

38.   Upon information and belief and analysis of Cogent's website and postings for positions available for sales representatives, Defendant's staffs inside sales representatives at its offices in the following 26 cities:   Atlanta,  Boca Raton,  Boston (x2), Charlotte, Chicago (x2), Columbus, Dallas, Denver, Detroit, Herndon, Houston, La Miranda, Los Angeles, Miami, New Orleans, New York City, Oakland, Pasadena, Philadelphia, Phoenix, San Diego, San Francisco, Santa Clara, Vienna, VA.

39.   Cogent operates from 13 different states from the eastern seaboard, to the south, to the midwest, to the west coast, a truly national operation, and which include the following 13

states and the District of Columbia:   Arizona, California, Colorado, District of Columbia, Florida, Georgia, Illinois, Michigan, Missouri, North Carolina, Ohio, Pennsylvania, Texas, and Virginia,.

40.     Cogent presently has posted the identical job description for the position of "Regional Account Manager" for its offices in: New York, West Palm Beach, Quincy, Orlando, Lincoln, and Atlanta on its website, confirming that there is a single job description for the Regional Account Manager for each office.

41.     Similarly, Cogent presently has posted the idential job description for the position of "National Account Manager" for its Atlanta, Dallas and Chicago offices confirming a single job description for this position regardless of the office location.

42.     Cogent is an Employer within the definition of the FLSA, and an Enterprise, and was Plaintiff's Employer within the meaning 29 U.S.C. § 203(d). Upon information and belief, Cogent had revenues exceeding $500,000 annually in all applicable time periods, and is involved in interstate commerce, making sales and collecting payments and credit card transactions across state lines.

43.     Upon information and belief, and from Defendant's 2020 Annual report (10k), Cogent employed approximately 712 Full time inside sales reps (ISR), and thus, given turnover, within 3 years of the filing of this complaint, Cogent employed in its various offices in the U.S. upwards of 2000 or more inside sales representatives.

## JURISDICTION AND VENUE

44.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216 (b). Supplemental jurisdiction over state law claims exists pursuant to 28 U.S.C. § 1367.

45.     This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

46.     This Court has personal jurisdiction over Cogent, because Cogent operates substantial and continual business in Dade County, Florida from its office located at Cogent's Miami office located at:   1 SE 3rd Ave, Ste 1030 Miami, FL 33131 and the unlawful pay practices and damages at issue occurred within this District.

47.     Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the parties reside in this district and because a substantial part of the events giving rise to the claims occurred in this District.

48.     The overtime wage provisions set forth in FLSA §207 apply to Cogent, and at all relevant times, Cogent engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA section 203 as a common business enterprise.

**FLSA GENERAL FACTUAL ALLEGATIONS**

49.     This collective action arises from an ongoing, long standing, and wrongful scheme by Cogent to willfully underpay and refuse to pay overtime wages to a large class of workers, the inside sales representatives, who Cogent knew, and knows up through the filing of this Complaint, routinely worked overtime hours without being paid properly under the FLSA.

50.     Cogent's unlawful pay practices and scheme applicable to all inside sales representatives includes: a) willfully permitting ISR to suffer to work off the clock; b) manipulating bonus programs to confuse and prevent sales employees from recovering their earned bonuses.

51.     Cogent has made a calculated, willful decision to refuse to pay overtime wages under the risk that even if one employee, or many, eventually made a claim for overtime wages, they would have already benefited financially from the additional work hours in terms of increased sales, and the fact that the statute of limitations would run on claims before many would even assert their rights under the FLSA.

52.     Despite being a large international publicly traded corporation with dozens of offices and many thousands of employees throughout the United States of America, including an assumed general counsel and numerous attorneys in their employment, and having operated in the US and subject to the requirements of the FLSA for perhaps decades, Cogent has blatantly, and willfully violated the FLSA by willfully refusing to pay overtime wages when they knew and were aware of employees working overtime hours and understood the FLSA requirements that employers must legally pay non-exempt employees, such as Plaintiff and the class of similarly situated, a premium for all overtime hours worked.

53.     The FLSA does not require non-exempt employees to have to "claim" or submit a claim for overtime hours as a condition for being paid for these hours, especially where Cogent knew, or should have known, that employees were working overtime hours who were non-exempt.

54.     Thus, Cogent's automatic deduction of 1 hour for meal breaks regardless of whether ISR take these full 1 hour meal breaks results in the theft of overtime wages earned and owed.

55.     As to the bonus plan, Cogent maintained a practice of confusion, mis-information, and discouraged inside sales reps from questioning or challenging their pay practices under an environment of fear of scrutiny and reprisal and intimidation.

56.     Cogent never disciplined employees for working through the 1 hour lunch break during all relevant time periods, and never properly instituted a system to provide the ISR a means to claim this time, which would for all working full schedules result in upwards of overtime hours of 5 hours per week.

57.     Cogent also maintained a De Facto policy against paying overtime wages for all inside sales reps to work their hours and not claim or submit overtime hours as doing so would bring scrutiny over their performance and questions over the accuracy of the hours claimed.

## THE PUTATIVE CLASSES

58.     Plaintiff bring this suit individually, and on behalf of all similarly situated persons composed of the following Class members:

FLSA CLASS:  ALL Persons currently employed or formerly employed by Cogent Communications Holdings Inc. and any of its wholly owned subsidiaries within the preceding 3 years as an inside sales representative (ISR) under the titles of: Regional Account Manager (RAM), Senior Account Manager, Industry Account Manager, National Account Manager (NAM), Global Account Manager (GAM), Enterprise Account Manager, Regional or National Sales Executive, National Sales Executive, Consultant, Territory Manager, or any other job title used to describe persons whose primary job duty was inside sales to businesses.

THE STATE CLASSES:   All Persons currently employed or formerly employed by Cogent Communications Holdings Inc. or any of its wholly owned subsidiaries within the preceding 3 years as an inside sales representative (or any other job title used to describe persons whose primary job duty was inside sales to businesses) subject to the laws of Arizona, California, Colorado, District of Columbia, Florida, Georgia, Illinois, Michigan, Missouri, North Carolina, Ohio, Pennsylvania, Texas, Virginia.

59.     At the time of this filing, numerous other members of the putative classes seek to join this action and demonstrate that there are others similarly situated who seek to join and claim their overtime wages.  Several members of the putative classes have executed consents to join and are simultaneously filing consents and who have shared information to Plaintiff of similar experiences.

60.     Plaintiff Zaki is willing and able to protect and represent the putative classes, and does herein consent to doing so, as well as by this Complaint consents to joining this collective action.

61.     Plaintiff alleges for himself, and on behalf of those similarly situated of the putative classes who elect to opt-into this action, that they are entitled to unpaid wages from Cogent for overtime work performed for which they did not receive overtime premium pay, and the full lawful amount of overtime pay as required by the FLSA.

62.     Upon information and belief, given turnover of employees during the relevant class period of the prior three (3) years, Plaintiff estimates that the putative class to be in the range of 1400 to 2000 or more persons.

63.     All inside sales representatives within these classes described herein and working from or reporting to all of Cogent's offices up through the filing of this complaint, were treated as non-exempt employees.

## COLLECTIVE ACTION ALLEGATIONS

64.     Plaintiff brings this action individually and on behalf of all others similarly situated who worked as inside sales representatives, otherwise referenced herein as the putative class, as a collective action pursuant to the Fair Labor Standards Act.  29 USC §216(b).

65.     The members of the FLSA Collective (aka "Class") are so numerous that joinder of all members is impracticable and in the interests of justice, as well as in keeping with the legislature's intent in creating Collective Actions under Section 216(b), proceeding as a collective action is proper in this case.  While the exact number of the members of the Collective or Class is unknown to the Plaintiff at this time and can only be ascertained through appropriate

discovery, upon information and belief, Plaintiff believes that there are upwards of 2,000 or more individuals in the defined class within the three (3) year relevant class period.

66.     Plaintiff will fairly and adequately protect the interests of the putative Class of similarly situated inside sales representatives, and has retained counsel that is experienced and competent in class/collective actions and employment litigation.  Plaintiff has no interest that is contrary to, or in conflict with, members of the putative Class.

67.     A collective action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

68.      A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Class likely will not obtain redress of their injuries and Cogent will retain the proceeds from its violations of the FLSA.

69.     Furthermore, even if any member of the Class could afford individual litigation against Cogent, it would be unduly burdensome to the judicial system.  The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

70.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.  The question of law and fact common to each of the Class

predominate over any questions affecting solely individual members of the action.   Among common questions of law and fact are:

 a.   Whether Cogent employed members of the Class within the meaning of the applicable provisions of the FLSA;

 b.   Whether Plaintiff and members of the Class were and/or are improperly not provided their base pay and wages, including minimum wages, free and clear as required by DOL regulations and the FLSA;

 c.   Whether Plaintiff and members of the Class were expected, permitted, and encouraged to regularly work hours in excess of forty (40) per week off the clock and without being paid a premium for all hours worked;

 d.   Whether Cogent unlawfully either edited or shaved overtime hours from inside sales employees time records, or required and instructed employees to shave, edit and remove overtime hours from their own weekly time records;

 e.   Whether Cogent knowingly failed to maintain and preserve accurate and true records of all hours worked and wages earned by Plaintiff and the Class;

 f.   Whether Plaintiff and the Class have sustained damages, and if so, what is the proper measure of such damages;

 g.    Whether Cogent willfully and with reckless disregard, underpaid Plaintiff and the class of similarly situated, even when they did pay a premium for overtime hours worked;

 h.   Whether Cogent maintained a De Facto, unlawful policy against paying overtime wages and against inside sales representatives from claiming or reporting all hours worked; and

      i.    Whether Cogent permitted Plaintiff and all others similarly situated to suffer to work off the clock.

71.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a collective action.

**FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED**

72.    All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

73.    Evidence reflecting the precise number of overtime hours worked by Plaintiff and every member of the Class, as well as the applicable compensation rates, is in the possession of Cogent.

74.    However, and to the extent records are unavailable, Plaintiff and members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

75.    With respect to an employee subject to the FLSA provisions, the following records must be kept as per 29 CFR part 516:

    a.    Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

    b.    Hour and day when workweek begins;

    c.    Regular hourly pay rate for any week when overtime is worked;

    d.    Total hours worked each workday and each workweek;

    e.    Total daily or weekly straight-time earnings;

    f.    Total overtime pay for the workweek;

g.   Deductions from or additions to wages;

h.   Total wages paid each pay period; and

i.   Date of payment and pay period covered

76.   Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist.  See, 29 U.S.C. §215(a)(5); See also, *Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976).

77.   Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the FLSA.  An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked.  See *Wirtz v. First State Abstract Ins. Co.*, 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y*, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

78.   An employer's failure to maintain records may create a presumption in the aggrieved employee's favor.  See *Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551 n.9 (7th Cir. 1999), citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

79.   Cogent has failed to accurately record, track and report the Plaintiff's and Class of similarly situated members' time and work hours as required under the FLSA.

80.   Cogent has failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR §516.2 and 29 U.S.C. §§211, 216 and related laws.

81.     As a direct result of Cogent's record keeping violations of the FLSA and specifically CFR part 516, the Court should declare Cogent's pay records to be inaccurate, unreliable and inadmissible, or at a minimum, a jury instruction given to such an effect.

## RULE 23 CLASS ACTION ALLEGATIONS

82.     Plaintiff brings the Second through Fourth causes of action for Unjust Enrichment, Conversion, and Breach of Contract, pursuant to Federal Rule of Civil Procedure 23 for Cogent's unlawful taking, converting and not paying all commissions and bonuses earned as promised and agreed, free and clear to Plaintiff and all inside sales representatives on behalf of the class of Inside Sales Representatives, the members of whom have all been damaged by Cogent's herein described unlawful pay practices and conduct.

83.     The proposed class, that is referred to herein as the "Inside Sales Representatives Class," is defined as follows:

> ALL Persons currently or formerly employed by Cogent Communications Holdings Inc. and any of its wholly owned subsidiaries as an inside sales representative (ISR) under the titles of: Regional Account Manager (RAM), Senior Account Manager, Industry Account Manager, National Account Manager (NAM), Global Account Manager (GAM), Enterprise Account Manager, Regional or National Sales Executive, National Sales Executive, Consultant, Territory Manager, or any other job title used to describe persons whose primary job duty was inside sales to businesses during the period of 4 years preceding the filing of this Complaint to the present.

84.     NUMEROSITY: The persons in this Class are so numerous that joinder of all members is impractical. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed approximately 700 or more Inside Sales Representatives at any given time, and considering the prior four (4) years with turnover, upwards of 2,000 persons, thus satisfying the numerosity requirement for the Class.

85.     COMMONALITY: Further, common questions of law and fact exist as to all members of the Class that predominate over any questions affecting individual members, including but not limited to:

a.      Whether Cogent was unjustly enriched where Plaintiff and members of the class conferred sales services to Cogent with it's knowledge thereof, Cogent voluntarily accepted and retained these sales services, and whether it would be inequitable for Cogent to retain the benefit of these sales services without paying the benefit of such to Plaintiff and members of the class;

b.      Whether Cogent converted the property of Plaintiff and members of the Class by keeping and refusing to pay out earned commissions;

d.      Whether Plaintiff and members of the Class and Cogent entered into an enforceable written contract, whether Cogent breached that contract, and whether Plaintiff and members of the Class suffered damages caused by Cogent's breach of the bonus and compensation agreement; and

f.      Whether Plaintiff and the Class have sustained damages, and if so, what is the proper measure of such damages; and

h.      Whether Cogent's actions were willful and lacking in good faith.

86.     TYPICALITY: Plaintiff's claims are typical of those of the Class. Plaintiff Zaki, like other class members, was subjected to Cogent's policy and practice of improperly paying all bonuses/commissions earned by employees in violation of state common laws and in breach of the terms of the written compensation agreement and plan.

87.     ADEQUACY:  Plaintiff Zaki will fairly and adequately represent and protect the interests of the putative members of the Class because he has no disabling conflict of interest that

would be antagonistic to those of the other class members.  Plaintiff Zaki has retained counsel who is competent and experienced in class and collective action wage and hour litigation.

88.     Class treatment is superior to alternative methods to adjudicate this dispute because Plaintiff Zaki and the similarly situated Inside Sales Representatives suffered similar treatment and harm as a result of Cogent's unlawful and systematic pay policies and practices, and because absent a class action, Cogent's unlawful conduct will likely continue un-remedied and unabated given that the damages suffered by individual class members are small compared to the expense and burden of individual litigation.  Class certification is also superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Cogent's practices.

**COUNT I**
**CLAIM FOR VIOLATION OF SECTION §207 OF THE FLSA**
**FLSA SECTION 216B COLLECTIVE ACTION**

89.     Paragraphs 1 through 88 are realleged and incorporated as if fully set forth herein.

90.     At all relevant times, Cogent employed Plaintiff, and/or each member of the Putative Class of similarly situated, and continues to employ members of the Putative Class, within the meaning of the FLSA.

91.     Upon information and belief, all inside sales representatives were paid under a common and similar compensation plan and scheme, consisting of a base hourly pay, in addition to being eligible for monthly commissions.

92.     Cogent has maintained a De Facto policy and practice of refusing to pay overtime compensation to inside sales representatives for the hours worked in excess of forty (40) hours per week.

93.     Cogent intimidates, coerces and dissuades insides sales representatives from reporting or claiming overtime hours and working on the clock over forty (40) hours in a work week for fear of scrutiny, discipline and management displeasure, meanwhile, suggesting, encouraging and even warning inside sales representatives to meet and exceed quotas, production goals, and metrics.

94.     Cogent's management is well aware of employees working off the clock at the office and outside of the office and working more than forty (40) hours in a work week, and does not discipline these employees for doing so.

95.     Cogent does not instruct, order or command employees to leave at the end of their shift time, nor do they prohibit employees from performing work activities they know inside sales representatives are engaging in on behalf of Cogent while off the clock or  away from the office.

96.     As a result of Cogent's unlawful pay practices complained of herein, throughout the three (3) year class period to the present, Cogent has stolen potentially several millions of dollars or more in wages from inside sales representatives, while permitting them to suffer to work off the clock, or by removing hours or instructing employees to remove overtime hours from their time records.

97.     Cogent knowingly and willfully failed to pay Plaintiff and all other members of the Class of similarly situated inside sales reps (ISR), overtime compensation at the appropriate legal rate for all hours they performed work on behalf of Cogent above and beyond forty (40) hours per workweek in violation of the FLSA, in particular 29 U.S.C. §§206 and 207.

98.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

99.     Cogent is well aware that in order to meet goals, quotas and/or metrics, and to complete and perform their job duties to the expectations of Cogent, inside sales representatives must work more than forty (40) hours in a workweek routinely, and especially when they are falling short of sales goals.

100.    Moreover, by the inherent nature of sales work, generally Cogent understands that the more hours inside sales representatives put in and work, the more likely they will produce more in sales revenue for Cogent, and thus, earn more commissions for the inside sales representatives.

101.    Cogent induced and misled persons applying for and accepting the position of inside sales representatives into believing that they were to receive both a base hourly pay, or salary for performing forty (40) hours of work per workweek, free and clear and separate from the eligible commissions, and that they would be paid time and one half (1.5) their regular rates for all overtime hours worked.

102.    Instead, Cogent engaged in a scheme to avoid paying overtime wages.

103.     Cogent knew that the inside sales representative position would result in employees working more than forty (40) hours routinely in order to meet goals, quotas, sales requirements and other performance metrics.

104.    Cogent willfully failed and refused to pay Plaintiff and all other similarly situated inside sales representatives a premium for all overtime hours worked.

105.    Cogent willfully failed and refused to pay Plaintiff and all other similarly situated inside sales representatives a premium for all overtime hours worked at the correct and lawful rate, thus, underpaying Plaintiff and all inside sales representatives even when they did pay overtime wages.

106.    Upon information and belief, even when Cogent did pay overtime premiums, Cogent willfully underpaid Plaintiff and all others similarly situated by failing to include commissions/bonuses earned in the calculation of the regular rates of pay, and thus the applicable overtime rates,  resulting in an underpayment of proper overtime premiums under the FLSA and applicable state wage laws.

107.    Defendants' failure to include the commissions/bonuses in the regular rates of pay was and is a willful violation of the FLSA and applicable state law claims, but was also applied and with a reckless disregard for the FLSA and DOL regulations.

108.    Cogent cannot and does not have a good faith basis under the FLSA for its willful actions and conduct of paying Plaintiff and all inside sales representatives less than the accurate, correct and lawful rates for overtime wages for all hours worked over 40 hours in each and every workweek.

109.    Plaintiff and the class of similarly situated thus are entitled to, and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered for a period of three (3) years preceding the filing of this action to the present and continuing.

110.    Due to Cogent's willful FLSA violations, Plaintiff alleges on behalf of the members of the collective/Class that they have suffered damages and are entitled to recover from Cogent the unpaid and underpaid overtime compensation due and owing for all hours worked in excess of forty (40) in each and every workweek, an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**RULE 23 CLASS ACTION CLAIMS/COUNTS**

<u>**COUNT II  UNJUST ENRICHMENT**</u>

111.    Plaintiff adopts and realleges paragraphs 1 through 88 as if fully set forth herein.

112.    Plaintiff and members of the putative class performed sales services on Cogent's behalf and Cogent had knowledge those sales services were performed.

113.    Cogent voluntarily accepted and retained the sales generated from the efforts and labor of Plaintiff and members of the putative class.

114.    Cogent changed the terms of the bonus/commission plan, arbitrarily and without justification and then retained and refused to pay out earned bonuses and commissions pursuant to the then existing commission/bonus plan.

115.    Alternatively, for false and arbitrary reasons, solely to increase profits, Cogent withheld paying Plaintiff and all class members earned bonuses/commissions it knew were earned, due and owing.

116.    Plaintiff and other class members earned commissions/bonuses, requested payment from Cogent but which refused to pay the sums earned, and instead, gave Plaintiff and all other class members false, misleading and arbitrary excuses for refusing to pay their earned bonuses/commissions.

117.    It would be inequitable for Cogent to retain the benefits of the sales generated by Plaintiff and members of the putative class without paying Plaintiff and members of the putative class the value of their services, namely the base hourly wages promised for all hours worked, free and clear for their efforts and labor.

118.    Cogent's actions as set forth above in failing to pay Plaintiff and members of the putative Class the commissions/bonuses promised and due to them for time spent performing work for the benefit of Cogent, constitutes Unjust Enrichment pursuant to common law.

119.     Plaintiff and all other similarly situated inside sales representatives have suffered financial harm as a direct and proximate result of Cogent's unlawful pay practice complained of herein.

## COUNT III CONVERSION

120.     Plaintiff adopts and realleges paragraphs 1 through 88 as if fully set forth herein.

121.     At all material times, Plaintiff and members of the putative class were and are entitled to property in the form of compensation, or money in an amount equal to all the hours worked, a premium for overtime hours worked and commissions earned during their employment with Cogent.

122.      Cogent has intentionally acted to permanently or indefinitely deprive Plaintiff and members of the putative class of their property and are in possession of the wages and commissions belonging to Plaintiff and members of the putative class.

123.     Cogent, without the consent of Plaintiff and members of the putative class, have converted to their own use the wages, compensation or money of Plaintiff and the class of similarly situated inside sales representatives.

124.     Cogent's actions as set forth above in failing to pay Plaintiff and members of the putative Class the base wages free and clear due to them for time spent performing work for the benefit of Cogent, and taking improper deductions from their compensation constitutes Conversion pursuant to common law in Florida and all states.

125.     Plaintiff and the class of similarly situated have suffered financial harm and loss of monies owed to them as a direct and proximate result of the unlawful pay practices of Cogent complained of herein.

## COUNT IV  BREACH OF CONTRACT

126.     Plaintiff adopts and realleges paragraphs 1 through 88 as if fully set forth herein.

127.     On or about May 11, 2017, Plaintiff Zaki accepted employment with Cogent pursuant to an offer letter, under which Plaintiff agreed to perform work as a non-exempt, hourly paid inside sales representative for Cogent in exchange for payment of base pay compensation, the entitlement to be paid overtime for all hours worked over 40 in any workweek, and the eligibility to earn commissions/bonuses on sales.   A copy of the offer letter to Plaintiff is attached as Exhibit A.

128.      Upon information and belief, all inside sales representatives working for Cogent under any title, have the same, if not identical compensation plan as Plaintiff.

129.     In breach of the contract, Cogent willfully and intentionally has not paid Plaintiff and members of the putative class overtime wages for hours worked in excess of forty (40) in a workweek.

130.     In breach of the contract and promises by Cogent, it has taken deductions out of Plaintiff and members of the putative class promised compensation, thereby reducing their contractually promised pay below what was bargained for.

131.     Cogent breached the terms of the agreement with Plaintiff and all other inside sales representatives by treating their earned base wages as a draw or loan against commissions, and thus not paying them the base pay.

132.      In addition, even when Plaintiff did meet or exceed sales goals for earning bonuses/commissions, Cogent either retroactively applied new threshold and terms and conditions of the bonus commission plan in order to deny payment to Plaintiff and the class of similarly situated, or Cogent just simply willfully refused to pay the  the commissions/bonuses

earned causing financial harm and breaching the terms of the agreement to pay Plaintiff and all others similarly situated as contractually promised.

133.   Plaintiff and all inside sales representatives have suffered damages in the form of lost commissions/bonuses due them as promised throughout their employment to the present and continuing.

134.   Cogent drafted the offer letter and set all terms of the compensation plan, which was presented to Plaintiff as a take it or leave it, non-negotiable contract.

135.   Upon information and belief, the putative class of inside sales representatives entered into similar if not identical contracts and compensation plans as the one between Plaintiff and Cogent.  The putative class relied upon the representations made by Cogent in the contract, and Cogent's breaches have harmed members of the class by denying them the pay that was bargained for between the parties.

136.   Plaintiff and all other similarly situated earned bonuses and commissions which were intentionally and willfully withheld, retained and refused to be paid out.

137.   As a result of Cogent's willful actions, Plaintiff and all others similarly situated suffered loss of income and compensation.

**WHEREFORE** Plaintiff, NASSER ZAKI, individually and on behalf of all others similarly situated, prays for:

      a)   An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join this action as plaintiffs pursuant to §216(b); and that notice be sent to all past and present employees of COGENT, any time

during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b) An order awarding attorneys' fees and costs pursuant to §216 of the FLSA;

c) That the Court find Cogent in violation of the minimum wage and overtime compensation provisions of the FLSA and that the Court find that Cogent's violations of the FLSA were and are willful;

d) That the Court award Plaintiff ZAKI and the putative Class of all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours in each and every workweek at the rate of time and one half (1.5) their regular rate of pay during the past three (3) years, AND an equal sum in liquidated damages.  In addition, interest on said award pursuant to §216 of the FLSA;

e) That the Court award ZAKI a collective action class representative fee or service award fee for his efforts and time dedicated to bringing justice through this action;

f) That the Court award Plaintiff a class action class representative fee or service award fee for his efforts and time dedicated to bringing justice through this action;

g) That the Court appoint Mitchell Feldman, Esq. and the firm of Feldman Legal Group as class counsel for both classes in the FLSA collective action and the Rule 23 Class;

h) That the Court rule Cogent has violated the common law doctrine of Unjust Enrichment for all Plaintiffs and award Plaintiff and members of the Class a judgment in damages;

i) That the Court rule Cogent violated the common law doctrine of Conversion and award Plaintiff and members of the Class a judgment in damages;

j) That the Court rule Cogent is in breach of contract and award Plaintiff and members of the Class a judgment in damages;

k) That the Court determine that Cogent and Plaintiff, as well as all others similarly situated entered into a valid and enforceable implied contract at law and award restitution in the form of the contractual rate of pay for Plaintiff and all others similarly situated for all hours worked in the 4 years preceding the filing of this complaint;

l) That the Court award any other legal and equitable relief as this Court may deem appropriate, fair and just.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.


Filed this 24th day of January 2022.

Respectfully submitted,

/s/Mitchell Feldman, Esq.
Mitchell L. Feldman, Esquire
Florida Bar No.: 0080349
FELDMAN LEGAL GROUP
6916 W. Linebaugh Ave, #101
Tampa, Florida 33625
Tel: 813-639-9366 -
Fax: 813-639-9376
mfeldman@flandgatrialattorneys.com
mail@feldmanlegal.us
Attorney for Plaintiff and the classes
Of similarly situated