UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-CV-20268-CMA

NASSER ZAKI, Individually and on Behalf
of all others Similarly Situated,

        Plaintiff(s),

vs.

COGENT COMMUNICATIONS
HOLDINGS INC., COGENT
COMMUNICATIONS OF SOUTH EAST
INC., and COGENT
COMMUNICATIONS INC.

        Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT OF FLSA CLAIMS
AND JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiffs Nasser Zaki, individually and on behalf of all Opt-in Plaintiffs[1] (the "Plaintiffs") (collectively with Nasser Zaki, the "Plaintiffs"), and Defendants, COGENT COMMUNICATIONS HOLDINGS, INC. ("Holdings"), COGENT COMMUNICATIONS OF SOUTH EAST INC. ("South East"), and COGENT COMMUNICATIONS, INC. ("Communications") (collectively, "Defendants"), (Plaintiffs and Defendants are collectively, the "Parties"), through their respective counsel, hereby stipulate to the voluntary dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(1), subject to the Court's review and approval of the executed settlement agreement (the "Agreement") resolving Plaintiffs' claims under the Fair Labor Standards Act ("FLSA").

---

[1] The Opt-in Plaintiffs are Allen Brown, Kris Clements, Chris Coppage, James Freeman, Kimberly Kelly, Jonathan McBynum, Doudou "Bobby" Ndoye, Jay Patel, Denise Smolik, Steven Spriggs, Jennifer Swaney, Eric Tipps, Edward Torrence, and Holly Wu.

The Parties jointly move the Court for entry of an Order approving the Parties' Agreement and for dismissal of this action with prejudice. A copy of the executed Agreement is attached hereto as Exhibit 1.

### I. Background

Plaintiffs assert claims for alleged unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"). Plaintiffs allege that they performed work for Defendants in excess of 40 hours per week, for which they were not compensated. Defendants deny Plaintiffs' claims and assert that Plaintiffs were properly compensated for all hours worked. [*See generally* ECF Nos. 1, 12, 32]

Defendant moved to stay the litigation in light of arbitration clauses that had been executed by Zaki and each of the other Plaintiffs. [ECF No. 41] On May 3, 2022, the Court stayed – but did not dismiss – this action and referred the case to arbitration. [ECF No. 52]

From the onset of this litigation, the Parties laid out their respective positions on the facts and law. Ultimately, the Parties were able to negotiate and agree on a settlement of this action under the terms set out in the Agreement.

### II. Legal Principles

Under well-established law, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employees is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a

proposed settlement, and the court enters a judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In addressing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial contact. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a compromise is reached over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves just such a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiffs' FLSA claims. The proposed settlement arises out of an action filed by Plaintiffs, which is adversarial in nature. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (finding *Lynn's Food* fairness concerns not implicated regarding settlement that occurred within the context of a lawsuit where a plaintiff employee is represented by counsel), *followed by Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012). During the litigation and settlement of this action, Plaintiffs were and are represented by competent counsel with significant experience in FLSA litigation.

The Parties' settlement of the Plaintiffs' FLSA claims is the result of a *bona fide* compromise between them on a variety of disputes of law and fact, including without limitation: (a) whether Plaintiffs worked any compensable time without compensation; (b) whether Defendants' actions were willful; and (c) whether Defendants acted in good faith.

3

Case No.: 1:22-cv-20268-CMA

The following factors are typically considered by the Court in determining the reasonableness of the agreement:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted,* No. 6:05-CV-592-ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).

As to the *first factor*, there is no fraud or collusion behind the settlement. Each Party was represented by counsel experienced in FLSA matters and who regularly litigate labor and employment matters. The Parties have decided to resolve these claims only due to the disputed issues of facts and inherent risks and substantial costs of litigation. *Infra.*

As to the *second factor*, this action would have required the exchange and analysis of hundreds of documents, thousands of electronically stored files and huge amounts of ESI discovery, in addition to upwards of more than 10 depositions, including depositions of every plaintiff and every supervisor and a Cogent corporate representative. The Parties would have had to expend significant time and resources in preparation for multiple arbitrations, as well as attend an individual arbitration for each Plaintiff. The expense of litigation to Defendants is far greater than the amount of the settlement. Likewise, Plaintiffs' risk of losing one or more arbitrations and the duration of the litigation weigh in favor of settlement.

As to the *third factor*, the litigation is currently in the pre-pleadings arbitration phase, as the Court ordered the parties to arbitrate all the claims. However, the Parties commenced with lengthy, arms' length settlement discussions, such that Plaintiffs agreed to hold off from filing

their arbitration cases while the parties exhausted settlement discussions. If these negotiations failed, the Parties would have both sought full written discovery and depositions, including the exchange of substantial amounts of ESI and a deposition of every plaintiff, supervisor, and a corporate representative at minimum. To avoid the time and expense of such protracted and costly arbitrations, the Parties discussed the disputed claims and legal issues informally and reached a settlement that both sides agree is a fair and reasonable compromise.

As to the *fourth factor*, the Parties dispute (a) whether Plaintiffs were paid all hours worked and reported at the appropriate rate, (b) whether Defendants' records are accurate, (c) whether Defendants' actions were willful, and (d) whether Defendant acted in good faith.

As an initial matter, the Parties disagree whether Defendants violated the FLSA at all. It is possible that Plaintiffs could litigate the case through multiple arbitrations and realize no recovery whatsoever.

To the extent that Plaintiffs could prove that Defendants violated the FLSA, Plaintiffs contend the alleged FLSA violations lacked good faith and liquidated damages should be imposed. Defendants allege that they acted in good faith that their actions or omissions were based on reasonable grounds for believing that they were not violating the FLSA. Assuming, *arguendo*, Defendants' positions are correct, Plaintiffs would be precluded from recovering liquidated damages from Defendants. Thus, Plaintiffs' recovery, if any, could be limited to the unliquidated wage portion, which, in turn, would severely limit Plaintiffs' damages.

As to the *fifth factor*, should Defendants have prevailed based on any of their defenses, Plaintiffs potentially may have recovered far less than what is claimed in the Complaint, not recovered anything or may have owed a cost judgment to the Defendants. Should Plaintiffs prevail, Defendants would potentially be indebted to Plaintiffs for a judgment for wages, for part

5

or the entirety of Plaintiffs' claim, an award for liquidated damages, and attorney's fees and costs. Consequently, the Parties recognize the inherent uncertainty in proceeding with this action, the preoccupation of litigation, the investment of additional time to continue litigating this case, and the additional expenditure of fees and costs that will accrue as this matter progresses. In recognition of these concerns, the Parties have agreed to resolve this action.

As to the *sixth factor*, counsel for the Parties believe the settlement is a fair and reasonable resolution of the FLSA claims. Plaintiffs' counsel and Defendants' counsel are experienced attorneys with a significant background in FLSA litigation, including large scale, nation-wide Collective actions.

**THE STIPULATED AND NEGOTIATED PAYMENT OF PLAINTIFFS' ATTORNEY'S FEES**

Plaintiffs' attorney's fees and costs were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims. As such, the recovery by Plaintiffs was not adversely affected by the amount of the attorney's fees and costs paid to their counsel. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16. *Furie v. Expel, LLC,* No. 3:19-CV-117-J-32PDB, 2019 U.S. Dist. LEXIS 235560, at *11 (M.D. Fla. Sep. 17, 2019)(following *Bonetti*, as the fees were separately negotiated, the court declared it unnecessary to conduct a lodestar review); Texas v. *New World Van Lines of Fla.*, No. 6:20-cv-445-RBD-LRH, 2021 U.S. Dist. LEXIS 110172, at *7-8 (M.D. Fla. June 10,

2021)(accepting the representations of the attorneys that the fees were separately negotiated, the Court accepts and approves the fees to be paid without further scrutiny).

The Parties respectfully stipulate that the quantum of attorney's fees and costs Defendants agreed to pay Plaintiffs and their counsel is fair, reasonable and reflects a reduced amount in attorney's fees and costs than were actually incurred.  The Plaintiffs here have not filed a motion for a determination of fees or a request for an "award".  The parties negotiated and Cogent has agreed to pay the sum of $65,000.00 for fees and costs incurred by Plaintiffs.  Bargained-for provisions on attorney's fees in a settlement agreement control the issue of attorney's fees. *Embree v. Medicredit, Inc.*, 752 F. App'x 697, 700 (11th Cir. 2018) (citing *Pottinger v. City of Miami*, 805 F.3d 1293, 1300 (11th Cir. 2015)).  Even when an attorney's fee motion is pending and the parties negotiate to settle the attorney's fees, the Courts typically do not scrutinize the fees.  Indeed, in cases where there is a Motion for attorney's fees pending, the Courts (including the M.D. Fla.) often direct and suggest that the Plaintiff and defense attorneys attempt to negotiate a settlement and compromise, which when they do, is accepted and approved by the courts without question or scrutinizing the lodestar and billing records of the plaintiffs' counsel.  *See Smith v. Bulls-Hit Ranch & Farm*, No. 3:12-cv-449-J-34TEM, 2013 U.S. Dist. LEXIS 84759, at *10-12 (M.D. Fla. Jan. 11, 2013).

The Parties believe that the amount Defendants agreed to pay Plaintiffs' class counsel for attorneys' fees and costs is fair and reasonable.  Over the approximate eight (8) months in which this matter has been pending, Plaintiffs' counsel represented that they spent a significant amount of time preparing the pleadings, including briefs in connection with the several motions that were filed; reviewing documents; preparing damages models; analyzing records; researching applicable issues; speaking with members of the putative collective; and engaging in informal discovery.

7

Plaintiffs' counsel further represented that they incurred fees and costs in connection with this action in excess of the amount Defendants were agreeable to paying, but agreed to the reduced amount provided for in the Agreement in order to bring this matter to an end and avoid the risks inherent in continuing this action, including the possibility that Plaintiffs would recover much less than that provided for in the Agreement or nothing at all.

Attached to this motion are the declarations of Plaintiffs' counsel, Mitchell Feldman and Benjamin Williams. **Exhibits 2 and 3** respectively. Attorney Feldman of Feldman Legal Group, along with associate Jason Quntus of Feldman Legal Group incurred a lodestar of $57,455.00. Benjamin Williams incurred a lodestar of $32,960.00, for a combined total of $90,415.00. This Court awards attorney's fees for experienced FLSA attorneys upwards of $450.00 per hour. Here, a lesser rate was used, but the same is not disputed or challenged by Cogent. Indeed, the Parties could have submitted the issue of the amount of attorney's fees to the court for decision, with Plaintiffs' counsel having to submit a motion for attorney's fees (application) but they chose not to, and instead resolved the fee claim amongst themselves, which includes a reduction by Plaintiffs' counsel of nearly 28%.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiffs and their counsel discussed the viability of Plaintiffs' claims and formulated their own proposed settlement figures. The Parties then continued to engage in settlement discussions based upon their independent calculations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys through the litigation and settlement process. The Agreement has been signed by the Parties.

**III.    Conclusion**

Case No.: 1:22-cv-20268-CMA

For the foregoing reasons, the Parties jointly request that this Court approve the Parties' settlement agreement as to the FLSA claims and request that the Court dismiss this entire action with prejudice.

Respectfully submitted this 22nd day of August 2022

| | |
|---|---|
| By: *s/ Mitchell Feldman* <br> Mitchell Feldman, Esq. <br> Florida Bar No. 0080349 <br> Mfeldman@flandgatrialattorneys.com <br> FELDMAN LEGAL GROUP <br> 6916 W. Linebaugh Ave, #101 <br> Tampa, Florida 33625 <br> Telephone (813) 639-9366 <br><br> Benjamin Lee Williams, Esq. <br> Florida Bar No. 0030657 <br> Email: *bwilliams@williamslawjax.com* <br> WILLIAMS LAW P.A. <br> 464 Sturdivant Avenue <br> Atlantic Beach, FL 32233 <br> Telephone (904) 580-6060 <br><br> *Attorney for Plaintiffs* | By: *s/ Mariana C. Muci* <br> Jenna Rinehart Rassif, Esq. <br> Florida Bar No. 56855 <br> Email: *jenna.rassif@jacksonlewis.com* <br> Mariana C. Muci, Esq. <br> Florida Bar No. 1011723 <br> Email: *mariana.muci@jacksonlewis.com* <br> JACKSON LEWIS P.C. <br> One Biscayne Tower, Suite 3500 <br> 2 South Biscayne Boulevard <br> Miami, Florida 33131 <br> Telephone (305) 577-7600 <br><br> *Attorneys for Defendants* |

4881-1903-4671, v. 1