UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20268-CIV-ALTONAGA/Torres

**NASSER ZAKI**,

    Plaintiff,
v.

**COGENT COMMUNICATIONS HOLDINGS INC.**, *et al.*,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** came before the Court upon the parties' Joint Motion to Approve Settlement of FLSA Claims and Joint Stipulation for Dismissal with Prejudice [ECF No. 55], filed August 22, 2022. The parties seek the Court's approval of their proposed Settlement Agreement and Release of Claims [ECF No. 55-1], which includes a provision for the award of attorneys' fees and costs.

Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). In making the requisite fairness determination, the Court considers the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 6:10-cv-1805, 2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18

CASE NO. 22-20268-CIV-ALTONAGA/Torres

F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Upon review of the record and the parties' documented basis for a settlement of this FLSA case, including an award of attorneys' fees and costs to Plaintiff's counsel, the Court finds settlement of this action is fair and reasonable. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The parties' Joint Motion to Approve Settlement of FLSA Claims and Joint Stipulation for Dismissal with Prejudice **[ECF No. 55]** is **GRANTED**.

2. The Settlement Agreement and Release of Claims **[ECF No. 55-1]** between Plaintiff, Nasser Zaki; Opt-in Plaintiffs, Allen Brown, Kris Clements, Chris Coppage, James Freeman, Kimberly Kelly, Jonathan McBynum, Doudou "Bobby" Ndoye, Jay Patel, Denise Smolik, Steven Spriggs, Jennifer Swaney, Eric Tipps, Edward Torrence, and Holly Wu; and Defendants, Cogent Communications, Inc., Cogent Communications of South East, Inc., and Cogent Communications Holdings, Inc., which has been duly filed as a record of the Court, is **APPROVED** in its entirety.

3. This case is **DISMISSED with prejudice**, with each party to bear its own costs and attorney's fees except as otherwise agreed.

4. The Court retains jurisdiction to enforce the terms of the Settlement Agreement and Release of Claims.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of August, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record